UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS | M.B.D. No. 18-MC-91232-ADB<br><br>**FILED UNDER SEAL** |

**GOVERNMENT'S MOTION TO DELAY INVENTORY NOTICE
PURSUANT TO 18 USC 2518(8)(d) AND
GOVERNMENT'S FIRST MOTION TO DISCLOSE**

The United States respectfully moves for two forms of relief in this motion.

<u>Motion to Delay Notice</u>

First, the Government requests authorization to delay inventory notice for the above-captioned wiretap to persons named in the orders. As grounds for this motion, the government states as follows:

1. On the dates listed below in the following chart, this Court signed orders authorizing the interception of wire and electronic communications over the below listed phone numbers in this matter:

| **Date Signed** | **Target Phone and Email** | **Judge** |
|---|---|---|
| June 5, 2018 | | Hon. Allison D. Burroughs |
| July 3, 2018 | | Hon. Allison D. Burroughs |
| August 2, 2018 | | Hon. Allison D. Burroughs |

August 30, 2018 ████████████████ Hon. Allison D. Burroughs

2. Wire and electronic communications to and from the above described telephones were intercepted pursuant to the above-referenced wiretap orders. All of the phones and e-mail accounts set forth above were used by Rick SINGER.

3. Pursuant to 18 U.S.C. § 2518(8)(b), all of the above-referenced applications and orders have been sealed by Judge Burroughs. In addition, pursuant to 18 U.S.C. § 2518(8)(a), following expiration of each of the above-referenced orders, disks containing the recordings of communications intercepted pursuant to the above-referenced orders have been sealed before the Court. The applications, interception orders, sealing orders, and disks remain sealed, and inventory notice has not yet been provided to the parties pursuant to the Court's orders of October 2, 2018, and December 18, 2018, which granted the Government's motion to delay inventory until approximately mid-March 2019.

4. As of now, March 6, 2019, ████████████ have been issued for racketeering and fraud charges based on evidence obtained through the wiretap. ████████████
████████████████

5. The authorized interceptions concerned the following federal offenses:

   a. Title 18, United States Code, Section 1956 et al. – money laundering;

   b. Title 18, United States Code Section 1343 – wire fraud and honest services wire fraud;

   c. Title 18, United States Code, Section 1952 – Travel Act (bribery);

   d. Racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c) and (d), and punishable under 18 U.S.C. § 1963, by conducting the affairs of an

"enterprise," that is, a group of individuals associated in fact, although not a legal entity, to wit: the Subjects and others, the activities of which affect interstate and foreign commerce, through a pattern of racketeering activity consisting of the violations of federal law set forth in (a) through (c) above, and,

    e.    Title 26, United States Code, Section 7201 – Attempt to Evade or Defeat Tax.

6.    The Government asks this Court to delay inventory notice of the above-captioned wiretap for an additional time period, until May 31, 2019. Title 18, United States Code, Section 2518(8)(d) provides that "[o]n an ex parte showing of good cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed." Although the Government ███████████████████████████████████████ Government's investigation will still be ongoing. I███████████████████████████

███████████████████████████████████████████████████████████████████████

7.    WHEREFORE, the United States respectfully requests that the Court permit the government an additional period of time, until May 31, 2019, to disclose to persons named as target subjects in the orders and applications the existence of the federal wire pursuant to Title 18, United States Code, Section 2518(8)(d). The Government further reserves the right to seek additional periods of delay upon a showing of good cause.

<u>Motion to Use Wiretap Materials at Detention and/or Preliminary Hearings and in Criminal Complaints</u>

8.    The Government further expects, in the near future, to charge and arrest ███ ███████████████ through a criminal complaint that will be unsealed upon the arrest of the charged defendants. Accordingly, the government seeks authority to use the wiretap interceptions

noted above in the criminal complaints filed in this matter, and at any preliminary or detention hearings held after defendants are arrested.

9. The United States respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for an order relieving the United States of its obligation to disclose the contents of wire communications intercepted pursuant to Title 18, United States Code, Section 2518, at least ten days before using such materials at trial or hearing or in any charging document.

10. Title 18, United States Code, Section 2518(9) provides in relevant part:

> [T]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. *This ten-day period may be waived by the judge if [t]he [judge] finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.* [Emphasis added.]

11. The government requests that the Court waive the ten-day period ordinarily required by 18 U.S.C. § 2518(9) because it will most likely not be possible to furnish the wiretap materials to any defendants ten days before their scheduled detention and/or preliminary hearings and the defendants will not be prejudiced by the delay in receiving the information.

4. As noted, the Government anticipates that it will charge a number of defendants in criminal complaints, and that as a result, many of these defendants will request preliminary hearings and/or detention hearings. It will not be possible to furnish any defendants with the wiretap materials ten days before the detention hearings in compliance with 18 U.S.C. § 2518(9).

4

Under these circumstances, there is good cause for the Court to waive the ten day notice provision of 18 U.S.C. § 2518(9).

12.   The defendants will not be prejudiced by a waiver of the ten-day notice provision because the provision exists chiefly to allow defendants time to move to suppress the admission of wiretap evidence, and such motions to suppress are not allowed at detention hearings or preliminary hearings. The rules regarding the admissibility of evidence in criminal trials do not apply at a detention hearing. 18 U.S.C. §3142(f). Similarly, pursuant to Fed. R. Crim. P. 5.1(e), a defendant "may not object to evidence on the ground that it was unlawfully acquired" at a preliminary hearing. Consequently, challenged wiretap information may be used at a detention hearing. *United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985). Judge Keeton has previously held that it is appropriate to waive the 10-day notice provision of 18 U.S.C. §2518(9) when the government seeks to use the contents of intercepted communications as evidence at detention hearings, *see, e.g., United States v. Shea*, 749 F. Supp. 1162, 1169 (D. Mass. 1990). Since the defendants cannot seek to suppress the admission of wiretap evidence at the detention and/or preliminary hearing, the government is providing them with the wiretap orders, applications, and affidavits in advance of that hearing will benefit them by accelerating the production of materials that would normally be produced during automatic discovery.

13.   WHEREFORE, the government hereby moves pursuant to 18 U.S.C. §2518(9) for permission to use the contents of intercepted communications at the detention and preliminary hearings in this case, and in criminal complaints, even if such hearings take place less than ten days after the disclosure of the wiretap application and order.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: *Eric S. Rosen*
ERIC S. ROSEN
Assistant U.S. Attorney

ALLOWED

_____
HON. ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

Dated: March __7__, 2019